Judge Birch
delivered the opinion of the court
This was an action of ejectment commenced against the defendant by the board of president and directors of the St. Louis public schools, to recover the possession of certain lands in the city of St. Louis, to which the defendant pleaded not guilty.
At the trial term the defendant applied for a change of venue, by petition duly verified, alleging that the plaintiff had an undue influence over the inhabitants of St. Louis county, which the court refused—the record alleging as the reason given by the judge, “that the petition was insufficient. Judgment was subsequently rendered in- favor of the board, and a recovery awarded conformably with the finding of the jury, for the land described in the declaration. After issuing the habere facias possessionem, a motion was made to set it aside, and restore one Augustus H. Evans to all the lands from which his alleged tenants, other than the defendant, had been ousted under said writ. This motion was founded on two affidavits—one made by the defendant Byrne, and the other by the said Evans, in both of which it was alleged that Byrne was the tenant of Evans, and had only had possession of sixteen feet of the lot of land in question ; and that other tenants of Evans’ were in possession of portions of the remainder. The affidavits further alledge that there had been no proof on the trial that the defendant was in possession of more than sixteen feet of said land, and insinuated collusion between the board or their agent, and other tenants of Evans.
For refusing to change the venue, or set aside the writ of possession, the cause has been brought here. The point first raised m.ay be decided by referring to the third section of the act providing for the change of venue in civil cases. It enacts that “ if reasonable notice be given to the adverse party or his attorney, the court shall hear th.e case,” &c., whereas the petition upon which this application was founded, was filed and decided against on the same day of the term. There was, therefore, not even a constructive notice, if, indeed, such an one could be held to be compliant with the spirit of the statute-, and the record is. *404 silent as to any other. It is argued, however, that as the judge seems to have “heard the case,” the legal presumption should attach that the court did its duty—that is to say, that notice was either waived or given beforehand. This assumption wag further enforced in the argument of ■the counsel for the plaintiff in error, by recurring to the terms of the decision, as rendered by the judge and preserved in the record, declaring, “by its opinion and decision, thp said petition to be insufficient.” What considerations, if any, existed in the mind of the court for employing the terms it did in overruling the motion, it is deemed unnecessary to discuss. At the worst the judge rendered an unnecessary reason for a correct decision. As to the legal presumption insisted upon, and which is ordinarily true, in courtesy and in law, there stands opposed, in this case, a more unyielding and all pervading principle of jurisprudence, which is, that where a party is specifically required to do an act, he is held even to strictness in showing that he did it.
Concerning the last point, we perceive no error. The jury having found the facts as alleged in the declaration, and the judgment being in conformity witl^ the finding, the plaintiff was entitled to his writ of possession, and to have modified it, or set it aside, upon such motions as were subsequently made, unsupported by a particle of additional testimony of any kind, would have been as it seems to us, even beyond legitimate discretion of the judge, and a just pause of complaint by the plaintiff below.
No substantial error, therefore, being perceived in the record before qs, the judgment of the circuit court is affirmed.