W. W. JOHNSON, Respondent, v. T. MOFFETT ET AL., Appellants.

St. Louis Court of Appeals, October 27, 1885.

1. APPELLATE PRACTICE—CHANGE OF VENUE.—An appellate court will not reverse a judgment because of the trial court's refusal to grant a change of venue, where the record does not show that any notice of the application for the change was given.

2. JUSTICES—STATEMENT—DAMAGES.—A plaintiff in an action before a justice, for an injury to animals, need not specifically allege that he is the owner of the animals.

3. EVIDENCE—EXPERT TESTIMONY.—A man who has had long experience in the care of horses, is competent to give in evidence his opinion as to the disease of which a horse is suffering.

APPEAL from the Clark Circuit Court, BEN. E. TURNER, Judge.

*Affirmed.*

REED & WHITSIDE, and W. L. BERKHEIMER, for the appellants: The application for a change of venue should have been granted. *Corpenny v. Sedalia,* 57 Mo. 88. There is no allegation of ownership of the injured property. *Wiggins v. Graham,* 51 Mo. 17; *Pier v. Heinrichoffen,* 52 Mo. 333; *Curran v. Downs,* 3 Mo. App. 468. One who offers to give testimony as an expert must be shown to be qualified to do so.

WOOD & MONTGOMERY, for the respondent: The application for a change of venue did not comply with the requirements of the statute. Rev. Stat., sects. 3731, 3732; *Lewin v. Dille,* 17 Mo. 64; *Corpenny v. Sedalia,* 57 Mo. 88; *Byrne v. St. Louis Public Schools,* 12 Mo. 402; *Mix v. Kepner,* 81 Mo. 93. The allegations of the statement were sufficient. *Allen v. McMonagle,* 77 Mo. 478; *Hale v. VanDever,* 67 Mo. 732; *Coughlin v. Lyons,* 24 Mo. 534.

THOMPSON, J., delivered the opinion of the court.

This was a suit commenced before a justice of the peace for damages for killing a horse, and injuring another horse, by over-driving. On an appeal to the circuit court and a trial by a jury, the plaintiff had a verdict for seventy-five dollars and interest. He remitted the interest, and judgment was rendered for the principal, from which the defendants have appealed. The errors relied on to reverse the judgment are :

1. That the court erred in overruling the defendant's motion for a change of venue. The record merely discloses that such a motion was made, supported by an affidavit of prejudice in the presiding judge, and overruled at the April term, 1884, a year before the term at which the cause was tried, and it does not disclose the fact that any notice was given of the motion, as required by section 3733, Revised Statutes. In order to put the judge in the wrong for overruling such a motion, the record must show that the statute was complied with ; and, as it fails to show this, we must hold that this assignment of error is not well taken.

2. The next assignment of error is that the court erred in admitting any testimony on the part of the plaintiff. This is predicated upon the contention that the statement of the plaintiff's claim, made before the justice of the peace, is fatally defective, in that it fails to state that the plaintiff was the owner of the horses killed and injured by the negligence of the defendants. The statement is as follows : "Plaintiff states that he is and was at the time of the grievances hereinafter mentioned, the owner and sole proprietor of a livery stable, located in the town of Kahoka, in Clark county, Missouri, and kept therein horses and buggies which he hired for a valuable consideration to his customers." It then proceeds to allege the hiring by the plaintiff to the defendants of two horses, and their maltreatment by the defendants, whereby one of them died and the other was greatly injured. We think that this statement is suf-

ficient in a proceeding commenced before a justice of the peace. In such cases the policy of the law indulges defectiveness of statement, even where constitutive facts are omitted, so that it is necessary to resort to implication in order to support the statement. *Strathmann v. Gorla*, 14 Mo. App. 1; *Morris v. Buckley*, 9 Mo. App. 577. In *Allen v. McMonagle* (77 Mo. 478), the action was for the conversion of nine head of sheep, and the following statement was held good: "1879. John McMonagle, Dr. to S. W. Allen, to nine head of sheep, $25.00." This statement, it is perceived, contains no allegation of the plaintiff's ownership of the sheep, and this case is, therefore, authority for holding that the present statement is good. In *Hale v. VanDever* (67 Mo. 732), the statement was: "That defendant did wrongfully maim, wound, and kill the hogs of plaintiff." This seems to be no better statement of ownership than in the case at bar, and yet it was held good. We, therefore, hold this assignment of error not well taken.

3. The last assignment of error is that the court erred in overruling the objections of the defendants to questions propounded to the plaintiff with reference to his opinion as to what was the matter with the horses. The plaintiff testified that he had handled a good many horses; that he was in the livery business; that he was fifty-seven years old, and that he had handled horses all his life. Upon this foundation he testified that the tallow in the inside of one of the horses was melted from being overdriven, and that the other horse had the "thumps." We cannot say that a man long experienced with horses was not competent to give an opinion as to what was the matter with a horse under the circumstances disclosed in the record, such as might go to the jury for what it was worth.

We are asked to give damages for a frivolous appeal. We can not say that the appeal is so clearly without merit as to require the giving of damages.

The judgment will be affirmed. It is so ordered. All the judges concur.