IN THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

**MARCH TERM, 1890.**

39   495
66   250
39   495
138m259
39   495
78   584

G. W. WOOLWINE *et al.*, Respondents, v. JOHN BICK,
Appellant.

Kansas City Court of Appeals, March 3, 1890.

1.  **Practice, Trial:** CONTINUANCE: EVIDENCE OF ABSENT WITNESS.
    It is not error to refuse defendant a continuance, when plaintiff
    admits that the absent witness would, if present, testify as set out
    in defendant's affidavit for a continuance.

2.  ——— : ———: ———: REMARKS OF COUNSEL AND COURT. When
    defendant's counsel suggested at the trial. that. he would· " now
    read the depositions " named in the affidavit for continuance, and
    the remarks of the opposing counsel and the presiding judge were
    to the effect that they were not " depositions," but that if the
    absent witnesses were present "they would testify as follows," etc.,

( 495 )

or that "they would swear to the facts" as set out in the affidavit for continuance, *held*, by GILL, J., these remarks were unobjectionable and entirely within statute—spirit and word; by SMITH, P. J., concurring, that the facts stated in the affidavit for continuance are authorized to be read as the evidence of such witnesses, without explanation, as to the mode or manner by which it was procured; but that the above remarks of the judge, though erroneous, furnish no ground for reversal; by ELLISON, J., dissenting, that the matters set forth in an application for a continuance as being the facts, which could be proved by such absent witness, are the deposition of such witness and are to be "read as the evidence of such witness," that the jury should not know anything else than that such matter is the witness' deposition taken in regular form; and that the above remark of the court in the presence of the jury is such impropriety as should reverse the judgment.

3. ———: ———: ———: COMPETENCY, ETC. Objections as to competency, *etc.*, will be entertained in case of matters set out in an affidavit for a continuance to the same extent as if the witnesses were present in court offering to testify orally to such matters.

4. Evidence: EXPERT. It is not error to permit a witness, shown to have large experience with horses, to give his opinion as to what was the matter with a sick horse.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry*, for the appellant.

(1) Section 3596, Revised Statutes: Forcing a party to trial when the opposite party admits that the witness would "swear to the facts set out" is unconstitutional. Const. Mo., sec. 30, art. 2; *State v. Berkley*, 92 Mo. 41; *Elsner v. Sup. Lodge*, 11 S. W. Rep. 991; s. c., 98 Mo. 640. (2) The defendant in the trial was not only deprived of the presence and testimony of his witnesses, without the process of the court having first been exhausted to force their attendance, but forced into

trial on a meager and hasty statement, and the trial court first by culling important parts of the testimony afterwards took away from it the convincing effect of evidence by instructing the jury that it was no deposition or evidence, but it was agreed that, if the absent witnesses were present, they would swear as therein set forth. Such instructions to a jury have been held to be reversible error. *Elsner v. Supreme Lodge, supra.* (*a*) The court erred in striking out any part of the evidence in the affidavit for continuance. "The party moving therefor shall read as the evidence of such witnesses the facts so stated in such affidavit.". R. S., sec. 3596. (*b*) The remarks of plaintiffs' counsel when the evidence was offered, and in his closing argument, when defendant had no chance to reply, was reversible error. Neither the court nor the attorney treated the statement as evidence. *State v. Barham*, 82 Mo. 67. Such statement must be treated and go to the jury "on precisely the same footing to all intent and purposes as though the absent witnesses had been personally present and testified." *State v. Underwood*, 75 Mo. 234; *Elsner v. Sup. Lodge, supra.* (3) The court erred in admitting the opinion of witnesses Woolwine and Galloway to the effect that they believed the horses were overheated. The condition of the animals could be practically presented by description with sufficient accuracy to convey a satisfactory impression to the jury, and the jury from such description could determine what was the cause, and were as efficient judges as the witnesses.

*Geo. Robertson*, for the respondents.

(1) The application was made in accordance with section 3595, Revised Statutes, 1879, and the offer to admit the testimony as set out in such application by plaintiff was in accord with the next section, 3596.

Woolwine v. Bick.

There is no doubt about this being the law. *State v. Hickman*, 75 Mo. 416; *Straus v. Railroad*, 86 Mo. 421 (page 429 of SHERWOOD's opinion); *Gerber v. McCoy*, 23 Mo. App. 295. (2) Appellant's counsel insisted on telling the jury that he would read the deposition of certain witnesses, whereupon the court corrected the erroneous statement of counsel. It can hardly be called error in the court to correct a mis-statement of counsel, especially when counsel himself has to admit that he was making a false statement, and that the court stated the law and the fact correctly. (3) Certainly the legislature did not contemplate when it said : "The party praying therefor shall read as evidence of such witnesses the facts so stated in such affidavit," that such party could put into such statement irrelevant, incompetent and inadmissible testimony, which would have to go to the jury. (4) The defendant did not object because the witnesses were not qualified to answer the question, nor that expert testimony was not admissible, but simply because it was calling for the opinion of the witnesses. Under the rule in Rogers on Expert Testimony, "diseases of animals," section 84, the testimony was clearly admissible. The test of qualification is : "Has the witness had experience in such diseases and been acquainted with them;" and, if so, he may give his opinion upon such experience. Rogers, *supra; Johnson v. Moffet*, 19 Mo. App. 159, are exactly in point.

GILL, J.—Plaintiffs, liverymen at Mexico, Missouri, in April, 1887, hired a team of horses to defendant, a traveling salesman, who drove to the neighboring towns and villages, and returned to Mexico the night of the succeeding day. One of the horses died the next morning and the other, it was claimed, was badly injured. Plaintiffs sued defendant, alleging the death of one of their animals and the injury to the

other was occasioned by cruelty, mistreatment and overdriving. At the trial in the circuit court a verdict and judgment was had against defendant in the sum of one hundred and seventy-five dollars, and the cause is hereby appealed.

I. The first matter complained of by the defendant is, that the circuit court refused a continuance of the cause, on his application, upon the admission by the plaintiffs that if the absent witnesses were present they would swear to the facts set out in defendant's affidavit for a continuance. There is no merit in this complaint. In its rulings and remarks made at the trial, the court followed the law as provided by statute, Revised Statutes, 1879, section 3596. The defendant's counsel suggested at the trial that he would "now read the *depositions*" of the witnesses named in his affidavit for a continuance. The remarks of the opposing counsel and the judge presiding were to the effect that they were not "depositions," but that it was admitted if the absent witnesses were present "they would testify as follows" etc., or that "they would swear to the facts" as set out in the affidavit for continuance. These remarks were wholly unobjectionable and entirely within the statute—spirit and word. *Elsner v. Supreme Lodge*, 98 Mo. 640.

Neither is there any question as to the constitutionality of the section above referred to. *Elsner v. Supreme Lodge, supra.*

II. Further objection is made to the action of the trial court in rejecting certain statements made in the affidavit for a continuance, for the reason assigned by the court that such statements of the absent witnesses were not competent evidence, etc.

It seems to be the contention of defendant's counsel that the court should have admitted as evidence every portion of the affidavit regardless of its relevancy or competency. This position is entirely untenable.

The party seeking a continuance cannot thus be permitted to inject into the case irrelevant and incompetent testimony. Objections to such proffered evidence will be entertained in case of matters set out in the affidavit for a continuance to the same extent as if the witnesses were present in court offering to testify *orally* to such matters.

III. It was not error to permit witnesses Woolwine and Galloway to give their opinion as to what was the matter with the horses. Both these witnesses were shown to have large experience with horses and fully equipped to express an opinion. *Johnson v. Moffatt*, 19 Mo. App. 161; *Straus v. Railroad*, 86 Mo. 422.

The cause seems to have been fairly tried and submitted to the jury by reasonably fair instructions, and we see no reason for reversal. Judgment affirmed. SMITH, P. J., concurring; ELLISON, J., dissents.

SMITH, P. J (*concurring*).—It seems to me, that the facts stated in an affidavit made for a continuance, under the provisions of section 3595, Revised Statutes, are authorized by the provisions of section 3596, to be read *as the evidence* of *such witness*, without explanation, as to the mode or manner by which such evidence of the absent witness was procured. This is a matter for the court and with which the jury has no concern. I am of the opinion that it was improper for the trial court, as was the fact in this case, to direct the jury that the witnesses, whose evidence the defendant read, would testify or swear to the facts stated in the affidavit, if they were present. For the purposes of the trial, the evidence of the absent witnesses was adduced, and it was as much before the jury as if it had been read in the form of deposition. If it was not, *what would be their evidence if they were present to testify;* these

witnesses had in effect, for the purposes of that case, already, practically given their *evidence*, and it was this which the defendant read to the jury.

Therefore for the court to direct the jury that, that which already had in legal contemplation an actual, potential existence might or could exist, under certain conditions, I should regard a departure, at least, from the spirit of the statute. I cannot think, however, that the remarks of the judge, who presided at the trial of this case, in respect to the said affidavit, though erroneous, furnish grounds for the reversal of the judgment.

I cannot discover that any harm resulted to the defendant, by reason of such remarks. I think the instructions were most favorable to the defendant, and that the case was, in the main, fairly tried and that there is no substantial grounds for complaint of the judgment.

I therefore concur with Judge GILL in affirming the judgment.

ELLISON, J. (*dissenting*).—I do not concur in that part of the foregoing opinion which approves of the remark of the trial judge as to the character of the paper counsel proposed to read as the deposition of the absent witness. In the meaning of the statute, section 3596, the matters set forth in an application for a continuance as being the facts which could be proved by the absent witness are the deposition of such witness, and are, as directed by the statute, to be "read as the evidence of such witness," and may be met by contradictory evidence from the opposite party. The law declares the effect of the agreement of the party objecting to the continuance and he must abide by it. The fact that opposing counsel want the jury to understand or be informed that the affidavit is not really the testimony of the witness, shows that it is expected such knowledge will destroy or

impair its effect. There is no necessity in practice for the jury knowing anything else than that the matter set forth in the affidavit is that which could be proved by the witness in his deposition taken in regular form.

The case cited in the opinion, I think, does not sustain the position, but rather leans against it. The remark, therefore, cf the court in the presence of the jury that the paper was not the deposition of the witness, and that it was only admitted to be what he would testify to at the trial if he were present, or that such witness would swear to the matter set out in the affidavit for a continuance if present, was improper, and for which the judgment should be reversed.