WILLIAM W. SUMMERS, Respondent, v. THE WESTERN HOME INSURANCE COMPANY, OF SIOUX CITY, IOWA, Appellant.

Kansas City Court of Appeals, April 27, 1891.

1. Change of Venue: UNTIMELY APPLICATION: NOTICE. Suit was brought in May, 1889 ; issues were made up and cause set for trial March 14, 1890, but not reached until March 18, when defendant, without prior notice to the plaintiff, presented its application for a change of venue. *Held*, since no notice was given, the application was properly refused.

2. Insurance: WAIVER OF PROOFS : A QUESTION FOR THE JURY. The question of waiver of proofs of loss is one for the determination of the jury. The court's province is to determine whether or not there is any evidence tending to support the claim of waiver, but the weight thereof is purely a question for the jury.

3. ———: WAIVER OF PROOFS : EVIDENCE TO TAKE IT TO THE JURY. Plaintiff's evidence tended to prove that defendant's adjuster went to the place of loss, spent two days in an investigation, inquired fully of the plaintiff as to all the circumstances, made inquiry as to the value of the building destroyed, and then, in effect, said to the assured, that it was all right, except only that the house was insured for too great a sum, and that the company would pay what it was worth, which he then placed at $400. *Held*, this was sufficient evidence to take the case to the jury, notwithstanding that,

at the close of the interview, the adjuster gave plaintiff notice that the company neither admits nor denies liability, nor waives any condition of the policy ; and the jury should determine whether, from all the evidence, the declaration and acts of the adjusting agent, taken altogether, were sufficient to reasonably induce in the plaintiff's mind the belief that proof of loss would not be required. It matters not that the company, in terms, may say that it waives nothing ; its acts must be looked to, to ascertain if there is a waiver.

*Appeal from the Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Bolster & Steckman* and *H. J. Alley*, for appellant.

(1) Appellant says that the change of venue should have been granted as prayed for. The affidavit therefor sets out the fact that the causes assigned (being those prescribed by the statute) existed, and that the knowledge of their existence first came to defendant on the day such application was made, and that such application was made as soon after said knowledge was obtained as practicable, to-wit: The same day, being the eighteenth day of March, 1890. Under these circumstances, a notice to plaintiff would have been impracticable and useless. (2) It is laid down by the courts, as a rule, that waiver of notice of loss is not waiver of proofs of loss, and the fact that the agent of defendant visited insured is not such waiver. 2 Wood on Fire Ins., pp. 978, 979, and authorities therein cited. The defendant insurance company, by its officers or agents, must have said or done something that fairly induced plaintiff, as a reasonable man, to believe that proof of loss, as stipulated by terms of policy, would not be required. *Grigsby v. Ins. Co.*, 40 Mo. App. 276; *Gale v. Ins. Co.*, 33 Mo. App. 664; 2 Wood on Fire Ins., pp. 978, 979. When a waiver is relied upon, it must be shown by a preponderance of the testimony. The plaintiff stated in his testimony that, at the close of the interview or conversation

in which plaintiff claims said agent made waiver of such condition, said agent wrote, and read and delivered to said plaintiff a notice, and that thereafter there were no words or acts passed between said plaintiff and said agent, or anyone else for defendant, within the prescribed sixty days.

*Hicklin & Yates,* also, for appellant.

(1) Can it be said that the proofs were waived? The court certainly erred in submitting this question to the jury. While we are aware that this is a proper question to be passed upon by the jury, it is likewise true that the waiver must be proven like any other fact, and that there must be testimony from which the jury may find a waiver. Where there is no dispute as to the facts, as in this case, it is the duty of the court to pass upon the question, and he has no right to submit it to the jury. 2 Wood on Fire Ins. [2 Ed.] sec. 447, p. 985; *Erwin v. Ins. Co.,* 24 Mo. App. 153; 2 Wood on Fire Ins. [2 Ed.] pp. 944-6, 980; *Underwood v. Ins. Co.,* 57 N. Y. 500; *Blossom v. Ins. Co.,* 54 N. Y. 162; *Ins. Co. v. Weiss,* 106 Pa. St. 20; *Leigh v. Ins. Co.,* 37 Mo. App. 544; *Grigsby v. Ins. Co.,* 40 Mo. App. 276, 284.

*Hyde & Orton,* with *E. M. Harber,* for respondent.

(1) The motion for a change of venue came too late. No notice of the same was given defendant, and it was properly overruled. *Byrne v. School Directors,* 12 Mo. 402; *Simpson v. Dill,* 17 Mo. 64; *Hasting v. Marrs,* 36 Mo. 108; *State to use v. Matlock,* 82 Mo. 455; *Johnson v. Moffett,* 19 Mo. App. 159; *Jenkins v. Hall,* 57 Mo. 122. (2) The evidence on the question of waiver of proofs of loss was ample to authorize a verdict for plaintiff. *Badger v. Ins. Co.,* 49 Wis. 400; *McBride v. Ins. Co.,* 30 Wis. 562; *Norwich, etc., Co. v. Ins. Co.,* 34 Conn. 561; *Ins. Co. v. Taylor,* 5 Minn. 492; *Ins. Co. v.*

*Fay*, 22 Mich. 467 ; *Gale v. Ins. Co.*, 33 Mo. App. 664 ; *Carroll v. Ins. Co.*, 13 Pac. Rep. 863 ; *Okey v. Ins. Co.*, 29 Mo. 105 ; *Rathbone v. Ins. Co.*, 31 Conn. 193 ; *Perry v. Ins. Co.*, 11 Fed. Rep. 485. (3) An admission of liability, except on certain points, waives proofs. In this case, the adjuster told defendant that there would be no difficulty about the settlement, except the amount. *Ins. Co. v. Dougherty*, 102 Pa. St. 568 ; *Ins. Co. v. Erb*, 112 Pa. St. 149 ; *Lewis v. Ins. Co.*, 52 Me. 492 ; *Ins. Co. v. Kranich*, 36 Iowa, 289 ; *Edgerly v. Ins. Co.*, 48 Iowa, 644 ; *Ins. Co. v. Staats*, 102 Pa. St. 529. (4) Where the conduct of the company is such as to waive the production of loss, it cannot afterwards withdraw such waiver. *Ins. Co. v. Wright*, 22 Ill. 462. (5) The question of waiver in this case was one for the jury. *Okey v. Ins. Co.*, 29 Mo. App. 105, and cases cited; *Ins. Co. v. Hathaway*, 23 Pac. Rep. 428 ; 43 Kan. 399 ; *Underwood v. Ins. Co.*, 57 N. Y. 500.

GILL, J.—On November 4, 1887, defendant issued to plaintiff a fire insurance policy on plaintiff's one-story, double, frame store building at Summerset, Mercer county, Missouri, the period of insurance expiring November 4, 1888. The building was destroyed by fire on the first day of November, 1888. The company failing to pay, plaintiff brought this action; and in the circuit court, on a trial by jury, plaintiff had a verdict and judgment for $1,200, the amount named in the policy, together with interest thereon. Whereupon, after an unsuccessful motion for a new trial, defendant appealed to this court. The errors relied on by defendant why the judgment should be reversed are:

I. The refusal of the court to award a change of venue for the reason set out in the application that the inhabitants of Mercer county were prejudiced against defendant, etc. The action was brought in May, 1889, the issues were made up, and the cause was set for trial March 14, 1890. The case was not reached for trial

until March 18, and then, when the cause was called, defendant, without prior notice to plaintiff, presented its application for change of venue. Since no notice of the application was given to the opposite party, we see no reason to condemn the action of the trial court in refusing the change of venue. R. S. 1889, sec. 2262; *Johnson v. Moffett*, 19 Mo. App. 159; *Byrne v. Public Schools*, 12 Mo. 402.

II. The next, and principal, matter of contention relates to the proof of loss. Was it timely made, or, if not in due season, was the necessity thereof waived by the defendant? The stipulation in the policy reads: "In case of loss the assured shall forthwith give notice * * * and within sixty days render an account of the loss or damage, signed and sworn to," etc. A proof of loss was written up, signed and sworn to on December 31, the last of the sixty days after the loss occurred, and on the same day mailed at Princeton, Missouri, directed to the home office of the defendant at Sioux City, Iowa, but was not received until two days thereafter. So that, although the proof was mailed within the sixty days, it was not received till the sixty-second day after the loss occurred. The court below in effect held that such proof of loss was not rendered within the time required by the policy, and at the defendant's request gave an instruction to the jury as follows: "4. The jury are instructed that, by the terms of the policy sued on, plaintiff was required to render to defendant at its office at Sioux City, Iowa, proof of loss (which proof must have been supported by affidavit) within sixty days after said loss; that said requirement was a condition precedent to right of recovery, and that, unless said proof reached defendant within sixty days after said loss occurred, the verdict must be for defendant, unless the jury further find that said proof of loss had been waived by defendant." We are not called upon in this controversy to determine the correctness or error of this view of the circuit court,

since, as appears from the record, plaintiff made no objection thereto, and since in the view we entertain on the subject of waiver an opinion on this point becomes unnecessary.

Now, as to the matter of waiver. It is no longer a debatable question ; it stands admitted everywhere, that before an assured can recover on a policy which requires proof of loss within a certain time, he must establish either the furnishing such proofs within the required time, or that such stipulation has been waived by the insurer. Plaintiff, as an excuse for the delay in supplying his proofs in this case, alleges in reply to the answer : "That the defendant sent its adjuster to plaintiff within sixty days after said fire to settle and adjust said loss, and investigate the said loss, and he came to plaintiff for the purpose of settling, adjusting and investigating said loss ; that plaintiff then and there gave to said adjuster a full statement of said loss and all the facts relating to the same as far as they were known to the plaintiff, which statement was made in full, and in the manner as required by said adjuster, by which the defendant waived the rendering to defendant formal proofs of loss ; that defendant believed that the information which he gave to said adjuster was all that said defendant required, and as soon as he ascertained that the defendant desired, or would require, further proofs he did, within sixty days after said fire, make out and forward by mail to defendant the formal proofs of his said loss, and fully complied with the terms of said policy as to said loss."

Plaintiff, Wm. M. Summers, testified as follows : "C. W. Bolster, as agent for defendant insurance company, at my request, sent said defendant company notice of the fire, which notice defendant admitted it received in due time. The adjuster of the company came about the twenty-fourth of November, 1888, to see me.

( It was admitted by defendant that the adjuster mentioned by the plaintiff was the adjuster of the company authorized to adjust and settle the said loss.) It was the next day after he came to Lineville that I saw him. I was away from home the day he came. My business house was in Missouri. I drove up to the store, and my son told me that the adjuster of defendant was there and wanted to see me. I went to the Duncan House to see him. We went down to my store. We talked some, and he said *there was but one thing about it,—it was insured for too much*. He said it was worth about $400. The adjuster had been over to see the ruins of the building and he examined the same that day. I told him I had paid my money and wanted what I had insured for. I told him the building cost me between $1,800 and $2,000. *He said he would pay me $400. That there would be no difficulty about the settlement.* This was about November 24, 1888. He asked me all about the fire, and I answered all the questions as far as I knew and gave him all the information I could, and all he required."

S. H. Summers, plaintiff's son, testified to about the same effect. He said that "they ( his father and the adjuster ) talked about a settlement of the loss, and he ( the adjuster ) inquired of my father about the fire. He said he didn't think there was any difficulty about the settlement, *except as to the amount.* They talked awhile (in the evening ), and went out and went to Mr. Bolster's office." It seems that at the conclusion of the second day of the visit and investigation by the adjuster, and about eight o'clock in the evening, in the office of the company's agent and attorney, said adjuster gave to Mr. Summers the following paper:

" LINEVILLE, IOWA, Nov. 24, 1888.
" *W. H. Summers, Lineville, Iowa :—*

"Take notice hereby that in the investigation of your loss by fire, for the purpose of arriving at the amount of loss, or compromise of claim, the Western

Home Insurance Company neither admits nor denies liability, nor waives any of the conditions of its policy.

"[Signed.]          EDW. F. PHILBROOKS,

"General Agent and Attorney for Western Home Insurance Company."

The agent testifies that, after delivering this notice to defendant on the night of November 24, he never had a word of conversation with plaintiff. Nothing more was said or done, and the party separated.

The question of waiver is one for the determination of the jury. The court's province is to determine whether or not there is any evidence tending to support the claim of waiver, but the weight or the sufficiency thereof to sustain the allegation of waiver is purely a question for the jury. 2 Wood on Fire Insurance, sec. 443; *Okey v. Ins. Co.*, 29 Mo. App. 111. Now, in this case, if there is evidence tending to support the finding of the jury to the effect that defendant, by its officers and agents, waived the demand in the policy for proof of loss, then we should not disturb such finding. Upon this question, in a great variety of cases, much has been said and written in the books. Each controversy is to be determined largely on the facts and circumstances of the individual case. As to what shall constitute waiver of proofs of loss, it is said: "The insurer, either through its officers or agents, must say or do that which fairly induces a belief that proofs of loss are not required, and whether they have done that in a given case is purely a question for the jury." 2 Wood, Fire Insurance, sec. 443. It is not required that the waiver shall be *express*, but it may be *implied* from the acts and conduct of the company's officers or agent. "To constitute a waiver there should be shown some official act or declaration by the company, during the currency of the time, dispensing with it—something from which the assured might reasonably infer that the underwriter did not mean to insist upon it." SHARSWOOD, J., in *Beatty v. Ins. Co.*, 66 Pa. St. Or, "If the insurance

company so conducted itself as to cause the plaintiff, while acting as an honest and reasonable man, to believe that the company would not require a formal proof of loss, so that, relying thereon and induced thereby, the plaintiff permitted the time to elapse, then the company is precluded from insisting on such proof." *Gale v. Ins. Co.*, 33 Mo. App. 676. " When the insurer is informed of a loss by the insured, and, without saying anything about preliminary proofs, proceeds to inquire whether the insurance is valid, upon a specific ground independent of those required to be stated in the proofs, and declines to pay the loss upon a specific ground, this operates as a waiver of all objection to the sufficiency, or even the entire absence of preliminary proofs." 2 Wood on Fire Ins., sec. 446. So, too, is the rule when there is a denial of liability altogether. *Ibid.* So, if they refuse to pay on other grounds not mentioning the matter of proofs. 2 Wood on Ins., sec. 465; *McBride v. Ins. Co.*, 30 Wis. 568; *Okey v. Ins. Co.*, *supra*, p. 114.

In the latter case, *Rathbone v. Ins. Co.* (31 Conn. 193) is cited with approval. There it was held that where the general agent of the insurance company, acting in the matter of a particular loss, stated to the assured that it was only the quantity and value of the property destroyed the company disputed, it was held not only that the evidence was admissible, but that it was important as going to prove a waiver of all defects in the proofs of loss. In view now of these principles, there can be no question as to the presence here of abundant evidence upon which to submit the issue of waiver of proof of loss to the jury. Plaintiff's evidence tends to prove ( indeed, it is undisputed ) that defendant's agent and adjuster, with full power from the company, went to the place of loss, spent two days in an investigation of the facts and circumstances, inquired fully of the plaintiff as to all the circumstances, made inquiry as to the value of the building

destroyed, and then, in effect, said to the assured that it was all right, except only that the house was insured for too great a sum, and that the company would pay what it was worth, which he, the adjuster, placed at $400. This was a practical admission of liability, but a refusal to pay the entire amount named in the policy. The refusal to settle by the terms of the policy was placed on the single ground that the building destroyed was not worth the $1,200 for which it was insured. This was potent evidence of a waiver. Now, as to what effect should be given the notice subsequently served on plaintiff by defendant's agent, we think that matter must go to the jury along with the other facts and circumstances; and it should be for the jury to say whether, under all the evidence, the declarations and acts of the adjusting agent (taken altogether) were sufficient to reasonably induce in the mind of plaintiff the belief (as he says it did) that proof of loss would not be required. "It matters not that the insurance company in terms may say: "We waive nothing. We look to its acts to ascertain if there is a waiver." *Phillips v. Ins. Co.*, 14 Mo. 236. This statement is contrary to the act. "Defendant's actual waiver cannot be affected by his statement. He simply states he is not doing that which he clearly is doing." *Erwin v. Ins. Co.*, 24 Mo. App. 153. We are then of the opinion that the court properly submitted the question of waiver to the jury. There was ample evidence on the affirmative of that issue, and the jury's finding thereon is beyond our control.

The judgment of the circuit court is affirmed. All concur.