T. R. Landrum, Respondent, v. American Central
Insurance Company, Appellant.

Kansas City Court of Appeals, January 11, 1897.

Insurance: WAIVER OF PROOFS OF LOSS. If the authorized agents of
the insurer shall, during the time stipulated for furnishing proofs of
loss, so conduct themselves as to induce the insured, while acting as
an honest and reasonable man, to believe that formal proofs of
loss would not be required, then such acts will be deemed evi-
dence from which the jury may infer waiver of such proofs; and in
this case the conduct of the adjuster, notwithstanding a letter of the
insurer's vice-president demanding substantial showing of loss and
damage when construed with the stipulations of the policy, was suffi-
cient evidence to go to the jury on the question of waiver.

*Appeal from the Lafayette Circuit Court.*—Hon.
Richard Field, Judge.

Affirmed.

*Fyke, Yates & Fyke* for appellant.

(1) There was no waiver of proofs of loss under
the policy sued on in the second count of plaintiff's
petition. Investigation by the adjuster does not waive
proofs. *Briggs v. Ins. Co.*, 31 N. W. Rep. (Mich.)
616; *Beatty v. Ins. Co.*, 66 Pa. St. 9. (2) The defend-
ant's letter of November 27, was a plain requirement
that proofs of loss should be furnished. It was received
long before the time for making them expired. No
excuse was shown for the failure to meet this require-
ment, and there should have been no recovery on this
policy. *Hanna v. Ins. Co.*, 36 Mo. App. 538. (3)
The alleged waiver lacks every element of estoppel,
and therefore fails. *Porter v. Ins. Co.*, 62 Mo. App.
520; *Cohn v. Ins. Co.*, 62 Mo. App. 271.

*M. C.* and *J. D. Shewalter* for respondent.

(1) It may be regarded as settled in this state that where "something is said or done by the insurer, by which the insured, acting as a reasonably prudent man, is induced to believe that the condition is waived or that strict compliance will not be insisted on, it is a waiver." *Gale v. Ins. Co.*, 33 Mo. App. 664; *Russell v. Ins. Co.*, 55 Mo. 585; *Shultz v. Ins. Co.*, 57 Mo. 331; *Loeb v. Ins. Co.*, 99 Mo. 58, 59; *Summers v. Ins. Co.*, 45 Mo. App. 46; *Bolen v. Ins. Co.*, 58 Mo. App. 225. (2) There being some evidence of a waiver, the question was one for the jury. *Summers v. Ins. Co.*, 45 Mo. 46, and cases cited.

GILL, J.—This is an action in two counts, based on two separate policies of insurance. A fire occurred at plaintiff's place of business at Waverly, Missouri, on the sixteenth day of November, 1894, totally consuming his stock of undertaker's goods and partially destroying his stock of harness, etc. On the first, plaintiff had a policy of $250 and on the latter one of $300.

The evidence unquestionably shows that proofs of loss were not furnished within the time required by the policies, but plaintiff relies on a waiver thereof by the company. Waiver of proof of loss as to the undertaker's goods is admitted by defendant's counsel, but it is contended that as to the *harness* stock there was no evidence tending to prove a waiver, and that, for that reason, the court erroneously submitted that issue to the jury. As to this issue, the substance of the evidence was as follows: A few days after the fire, the adjusting agent of the company came to Waverly for the purpose of settling the loss. He had a conference with the plaintiff; and after some examination

expressed a willingness to pay the $250 policy covering the undertaking goods, but demurred to paying the full sum of $300 on the harness stock and sought to compromise with plaintiff on a less sum, which was declined. The agent also found fault with the condition of plaintiff's books and accounts, as to the harness stock. He then left, after having advised the assured to get his books up in shape and secure copies of the bills of goods bought during the last year; and that he (the adjuster) would return and adjust the loss. This the plaintiff proceeded to do, but the adjuster did not return until the time for making proof of loss had expired.

While waiting for the return of the adjuster, plaintiff received a letter, dated November 27, 1894, from the vice-president of the company at St. Louis, in which that officer admitted receipt of a report from the company's adjuster, and then proceeded to state that "we regret exceedingly your inability to make any substantial showing of your loss and damage and hope you may be able to procure such evidence as is required by the stipulations in the policy, with which stipulations the company will require a substantial compliance."

On a trial below, there was a verdict and judgment for plaintiff on both counts of the petition and defendant appealed.

The law as to the matter of waiver of proofs of loss is well settled in this state. If the authorized officers or agents of the insurer shall, during the time stipulated for furnishing proofs, so conduct themselves as to induce the assured, while acting as an honest and reasonable man, to believe that formal proofs would not be required, then such acts will be deemed evidence from which the jury may find a waiver. *Summers v. Western Home Ins. Co.*, 45 Mo. App. 46, and authorities cited.

INSURANCE:
waiver of proofs
of loss.

The conduct of the defendant's authorized agent, in the case in hand, was, we think, such as to justify the plaintiff in believing that formal proofs of loss would not be required. Said agent appeared at the scene of the fire a few days after the same occurred; made an investigation of the circumstances, including the books and papers belonging to plaintiff's business; expressed satisfaction of the integrity of the loss, and agreed to pay the full amount of the policy covering the undertaker's goods. He only objected to the amount of insurance on the harness stock, saying that he did not think it was damaged to the extent of $300, the face of the policy. The adjuster, however, directed the assured to put his books in order and secure bills of goods bought during the last year, and that he would then come back and adjust the loss.

It is insisted, however, that whatever plaintiff may have been induced to believe by the conduct of the adjuster, the letter of November 27, coming from the main office at St. Louis, was sufficient to dispel the belief theretofore entertained that proofs of loss were not required. We do not think so. The contents of that letter would not necessarily have that effect on the mind of the assured. In addition to the provision in the policy requiring proof of loss within thirty days, there was another stipulation that the assured should produce, when requested, his books, papers, bills, or vouchers. A few days before the letter of November 27 was written, defendant's adjusting agent had been at Waverly, and there demanded a production of all bills of goods bought by the assured during the year; and the plaintiff was given to understand that the adjuster would return to Waverly and examine these. It was natural, then, that the plaintiff should believe that this was the evidence, or "substantial showing of loss and damage" to which the letter referred and which the

vice-president hoped the assured would produce. The plaintiff did secure the bills, put his books in order and in vain waited for the return of the adjuster.

The plaintiff also testified that it was because of this promise of the adjusting agent to return and examine his bills and books that he failed to get up the formal proofs of loss.

In our opinion, the plaintiff made a strong case of waiver, and the judgment should therefore be affirmed. All concur.