THOMAS WARREN, Respondent, v. GEORGE T. CRAM, Appellant.

### St. Louis Court of Appeals, October 26, 1897.

Real Estate Broker: RIGHT TO COMMISSION. C. said to W., a real estate broker: "I wish you would get me a customer for my place in Chamberlain Park," giving W. a description of the property. W. asked him what he wanted for it. C. said $50,000. W. said, "If I can get a customer I shall charge you two and one-half per cent commission." C. replied, "That is all right; I am perfectly willing to pay for services rendered." W. testified that, unable to find a purchaser, C. lowered the price, but did not state when, nor the figures to which it was lowered. W. then endeavored to sell the property to E., and failing, requested E., should he see a customer, to send him to him, which E. promised to do. E. called the attention of L. C. to the property, as for sale. L. C. called upon C. and purchased the same for $45,000. His attention was not directed to the property by any word or act of W.'s. *Held*, that W.'s contract was never performed, and he could not recover.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED.

*H. M. Pollard* for respondent.

Plaintiff not being the procuring cause of the sale, the court should have given the defendant's instruction of nonsuit. *Ramsay v. West*, 31 Mo. App. 677; *Stinde v. Blesch*, 42 Ib. 578; *Hackman v. Gutweiler*, 66 Id. 249; *Wolff v. Rosenberg*, 67 Id. 403; *Pollard v. Banks*, Id. 187; *Charlton v. Wood*, 11 Heisk. (Tenn.) 19; *Sievers v. Griffin*, 14 Ill. App. 63; *Mears v. Stone*, 44 Id. 444; *Blogdett v. R'y*, 63 Iowa, 606; *Earp v. Cummins*, 54 Pa. St. 306; *Laurence v. Weir*, 33 Pac. Rep. (Colo.); *Hay v. Platt*, 66 Hun. 488. See, also, *Brown v. Shelton*, 23 S. W. Rep. 483; *Colwell v.*

*Tompkins*, 93 N. Y. Sup. 94; *Cathcart v. Bacon*, 49 N. W. Rep. (Minn.) 331; *Leahy v. Hair*, 33 Ill. App. 461; *Johnson v. Seidel*, 24 Pa. St. 687; *Carlson v. Nathan*, 43 Ill. App. 364; *Anderson v. Smythe*, 28 Pac. Rep. (Colo.) 478; *Gleason v. Young*, 162 Mass. 245. Defendant was willing to sell his house for $50,000 and out of that sum pay a commission, provided it was sold presently, but not being willing to wait three years or sell for $45,000, less commission, he did not employ an agent to sell at that price, nor give him that time. *Wolff v. Rosenberg, supra.*

There is no pretense that plaintiff was authorized to sell the property for any less than $50,000, and the testimony is conclusive that he found no one who would purchase at that price. *Rieger v. Bigger*, 29 Mo. App. 421, 427; *Blackwell v. Adams*, 28 *Id*. 63.

*W. P. Larew* and *Sanders & Swarts* for respondent.

Under the facts and circumstances of this case, it was a question for the jury whether plaintiff was the efficient and procuring cause of the sale; and if so, he is entitled to his commission. Notwithstanding that he did not, in person, bring the purchaser to the owner, and notwithstanding that the third party was not the paid agent of, nor had been promised a commission by, the plaintiff. Mechem on Agency, sec. 966; *Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Parr*, 52 *Id*. 249; *Timberman v. Craddock*, 70 *Id*. 638; *Goffe v. Gibson*, 18 Mo. App. 4; *Stinde v. Blesch*, 42 *Id*. 580, 581; *Brennan v. Roach*, 47 *Id*. 290; *Pope v. Beals*, 108 Mass. 561; *Green v. Bartlett*, C. B. (N. S.) 681; *Anderson v. Cox*, 16 Neb. 10; *Lincoln v. McClatchie*, 36 Conn. 136; *Sussdorf v. Schmidt*, 55 N. Y. 319; Evans, Prin. & Agt., sec. 402.

BLAND, P. J.—Action for a commission for selling appellant's house. In 1892 Cram said to Warren (a real estate broker), "I wish you would get me a customer for my place in Chamberlain Park," and at Warren's solicitation gave him the location and a description of the property. Warren then asked him what he wanted for the property. Cram said $50,000. Warren then said, "If I can get a customer I shall charge you two and one half per cent commission." Cram's reply was: "That is all right; I am perfectly willing to pay for services rendered." Warren testified that when he was unable to find a purchaser at $50,000, Cram lowered the price, but he does not state at what date this was done, nor the figures to which the price was lowered. In 1895 Warren made repeated efforts to sell this property to a Mr. Elliot, without success. On giving up his effort to sell to Elliot, he requested Elliot if he should see a customer for the property to send him to him (Warren). This Elliot promised to do. After this, some time in the year 1895, Elliot called the attention of Louis Chauvenet to the Cram property and to the fact that it was for sale. Chauvenet called upon Cram in June, 1895, and purchased the property in the name of Mrs. Chauvenet for $45,000. Warren did not advertise the property for sale. He did not see Chauvenet before the latter purchased the property, nor did he have any knowledge of the purchase until some time after its consummation. Chauvenet's attention was not called to the property by any act, word or effort of Warren's, unless it can be said that Elliot was speaking for Warren when he directed Chauvenet's attention to the property. From the testimony of both Warren and Elliot it can not be contended that Elliot was the agent of Warren to find him a customer

*Margin note:* REAL estate broker: contract for sale of land: evidence.

for this property. What he was requested to do by Warren, was to be done as a neighborly act. What he agreed to do was as an act of friendship, that is, to direct a customer to Warren if one should chance to come to his knowledge. Whether in such circumstances it can be said that Warren was not the efficient and procuring cause of the sale, need not be decided in this case, as was done in *Van Dyke & Co. v. Walker*, 49 Mo. App. 381, since our decision can be founded upon a more satisfactory basis. Warren's contract was to sell for $50,000. He testified, it is true, that the price was afterward lowered, how much he does not say. His testimony on this point is unsatisfactory and valueless; it proves nothing; hence he must be held to the contract as averred in the petition, to sell the property at $50,000, or find a purchaser at that price. This was not done; his contract was never performed, and he can not recover. *Blackwell v. Adams*, 28 Mo. App. 61; *Reiger v. Reiger*, 29 Mo. App. 421; *Stinde v. Blesch*, 42 Mo. App. 578; *Hackmann v. Gutweiler*, 66 Mo. App. 244. The court should have instructed the jury as prayed by appellant, that under the evidence the plaintiff could not recover. It follows that the judgment must be reversed. All concur.