| 43 | 561 |
|----|-----|
| 50 | 513 |
| 53 | 28 |
| 43 | 561 |
| 56 | 330 |
| 43 | 561 |
| 74 | 32 |
| 74 | 264 |
| 75 | 149 |
| 43 | 561 |
| 78 | 585 |
| 151 m | 595 |
| 43 | 561 |
| 87 | 517 |

THE FIRST NATIONAL BANK OF MANKATO, MINNESOTA, Respondent, v. THE KANSAS CITY LIME COMPANY, Defendant; PRESCOTT C. HALL, Interpleader and Appellant.

Kansas City Court of Appeals, January 5, and February 2, 1891.

1. **Fraudulent Conveyances :** INSTRUCTIONS : INTERPLEADER'S PARTICIPATION IN FRAUD. Instructions in this case so modified as to submit to the jury the question of interpleader's participation in the fraud of the attached debtor are *held* to be non-prejudicial.

2. **Absolute Bill of Sale with Secret Trust : POSSESSION.** Where a bill of sale from a debtor to a creditor was absolute, and yet there was a secret understanding, that it shall not be so treated by the parties, possession will not aid the vendee.

3. —— : —— : BONA FIDES. If a vendee holds himself out to the world as the absolute owner, and yet at the same time he is under an agreement embodying a secret trust, the purity of his intention cannot alter the legal results following such condition.

ON MOTION FOR REHEARING.

4. **Pleading :** INTERPLEA IN ATTACHMENT : GENERAL DENIAL. Under a general denial to an interplea in an attachment case claiming the attached property, the plaintiff may show the interpleader's claim to be fraudulent, and, therefore, no title.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Moses Trauerman* and *Lathrop, Smith & Morrow*, for appellant.

(1) Instruction, numbered 5, asked by interpleader, correctly declares the law, and should have been given as asked. The question on the interplea is not the good faith of the Lime Company, the vendor,

but the good faith of Hall, the vendee. It predicates everything on the "good faith" of the interpleader and fairly submits to the jury the question of good faith on the part of the interpleader. The court refused to give said instruction, numbered 5, as asked, but modified it, and of its own motion gave it as modified. The modification was by the appending of the following words, to-wit: "Unless said Hall by such transfer intended to aid said company in hindering, delaying or defrauding its other creditors, or in covering up or concealing its property, or in giving it a secret interest therein, or in locking it up for said company's own use and benefit." We submit that this instruction as modified is wholly unintelligible, and was apt to confuse the jury. It is also open to two constructions. When there is a possibility of the instruction misleading, it is error to give it. Instructions are to be viewed with reference to the possibilities of their interpretation. *State to use v. Bank,* 10 Mo. App. 482, 491 ; *Legg v. Johnson,* 23 Mo. App. 590, 593 ; *Henschen v. O'Bannon,* 56 Mo. 289, 292 ; *Price v. Railroad,* 77 Mo. 508, 512 ; *Lampert v. Gaslight Co.,* 12 Mo. 575 ; *Stevenson v. Hancock,* 72 Mo. 612, 614 ; *State to use v. Nauert,* 2 Mo. App. 295, 297 ; *Seymour v. Seymour,* 67 Mo. 303, 308 ; *Frederick v. Allgaier,* 88 Mo. 598, 603 ; *Welsh v. Railroad,* 20 Mo. App. 477, 480. Instruction, numbered 7, as asked by interpleader, should have been given. The court modified said instruction, numbered 7, by adding the following: "Or unless Hall and the Lime Company intended by the transfer to Hall to hinder, delay or defraud the creditors of said company." This would not make competent against interpleader Hall statements made after the transfer and not in his presence, and the modification does not require a common design to have existed between Hall and the Lime Company at the time the statements were made to hinder, delay or defraud the company's creditors. *Albert v. Besel,* 88 Mo. 150, 154 ; *Stewart v. Thomas,* 35 Mo. 202, 207 ;

*Enders v. Richards*, 33 Mo. 598, 602 ; *Worley ex rel. Stanley v. Watson*, 22 Mo. App. 546, 553. Instructions, numbered 10 and 11, asked by interpleader Hall, should have been given. The question is one of good faith on the part of the interpleader in taking a transfer of the property. This is to be determined by the question of his intent existing at the time of or before the transfer to him. What happened after the transfer cannot be competent. (4) The answer filed to the interplea was simply a general denial. There was no fraud pleaded ; there was no conspiracy pleaded ; there was no combination pleaded between the Lime Company and Hall. Interpleader's possession at the time of the levy of the attachment was then the only question to be tried. If, he had possession, then he had *prima facie* title In the absence then of any pleading of fraud, conspiracy or combination, plaintiff's instructions, numbered 1, 2, 3, 4 and 7, are all predicated upon issues not made by the pleadings, and ought not to have been given.

*Fyke & Hamilton*, for respondent.

(1) Under a general denial, evidence that the transfer was fraudulent was proper, and instructions based upon that theory were proper ; besides, the case was tried by both parties, without objection, upon that theory. (2) It is true that a creditor may take all his debtor's property if necessary to satisfy his own debt, to the exclusion of the other creditors ; but if in doing so the aim and intention of the creditor is to assist the debtor in covering his property from other creditors, or in delaying other creditors, the whole transaction is void. *Meyson v. Lanire*, 1 Mo. App. 371 ; *Henderson v. Henderson*, 55 Mo. 534 ; *Ames v. Gilmore*, 59 Mo. 537 ; *McNichols v. Richter*, 13 Mo. App. 515. (3) The bills of sale were, on their face, absolute conveyances. If there was a secret understanding that after Hall got his pay the Peases should determine what to do with the property, and this was fully proven, the transaction

was fraudulent. *Donovan v. Dunning*, 69 Mo. 436; *Mfg. Co. v. Steele & Walker*, 36 Mo. App. 496.

ELLISON, J.—Plaintiff instituted an attachment suit against defendant, and had levied upon personal property, which was claimed to be owned by P. C. Hall, who filed his interplea for the property. He was defeated below and appeals here.

It appears from testimony of interpleader that the Lime Company owed him $1,500, and that he had indorsed notes of the company to the amount of several thousand dollars, some of which he afterwards paid ; that, in order to save his debt, and to secure himself as indorser, he bought the property, a portion of which was attached and is in dispute, and paid therefor with the debt owing him and assuming the payment of the notes he had indorsed for the company. He took an absolute bill of sale as well as possession of the property.

The plaintiff claims that the sale was made for the fraudulent purpose of hindering and delaying creditors, and that interpleader participated in that purpose.

There was *testimony* tending to sustain the theory of either party, and we will, therefore, only consider the instructions.

The principal objections urged here by interpleader refer to modifications of instructions which he asked, and which were given in the modified form. These modifications consisted in additions, submitting the hypothesis of interpleader's participation in the fraudulent design to defraud, hinder and delay creditors, and when we consider them in connection with the whole case, we cannot see how any substantial injury could have resulted.

Nor has the interpleader any ground of complaint of the instructions asked by, and given for, plaintiff. They imposed conditions against plaintiff not called for by the case. They directed the jury that if they find that at the time of the execution of the bill of sale

there was an understanding and agreement between Hall and the Lime Company that the sale was not to be absolute, but that the company was to have the property back, after Hall's claims were satisfied, and that such agreement was not incorporated in the bill of sale, that, in such case the conveyance was fraudulent as to creditors, *unless* at the time of the levy of the attachment the interpleader was in open and exclusive possession. There was no legal basis for allowing possession to operate against the attachment, if the bill of sale was absolute and yet there was a secret understanding that it should not be so treated by the parties. In such case we are not able to see how possession would aid the vendee.

So, by instruction, numbered 6, given for interpleader, the jury are told that, notwithstanding the absolute bill of sale, and the outside understanding that the property was to be turned back to the Lime Company when Hall's debt was paid, yet, if Hall took the property and accepted the transfer thereof, in good faith to secure the indebtedness to him, they should find for interpleader. This was more than interpleader was entitled to. His taking possession of the property or his acting (in point of fact) in good faith, would not aid him in such case. He took a bill of sale from the Lime Company, which said to the world that he was the absolute owner of the property. He has prosecuted this case on that theory. If it is true that the interpleader held himself out to the world as the absolute owner, and yet at the same time he was under an agreement embodying a secret trust, the purity of his intentions cannot alter the legal results following such condition. The principle we are here enforcing was discussed at length in the opinion of GILL, J., in the case of *Molaska Mfg. Co. v. Steele & Walker*, 36 Mo. App. 496, and what we have said is fully sustained by that case. The cases of *McIntosh v. Smiley*, 32 Mo. App. 125 ; *State to use v. Brewing Co.*, 32 Mo. App. 281 ; *Knoop v. Dist.*

*Co.*, 26 Mo. App. 303, are not in point. We can discover nothing which would justify us in disturbing the finding of the jury, and, therefore, affirm the judgment. All concur.

### ON MOTION FOR REHEARING.

ELLISON, J.—We are of the opinion that upon the statutory interplea being filed claiming title to attached property, under a general denial by plaintiff, he may show interpleader's claim to be fraudulent and, therefore, no title. It has been frequently stated by this court and the supreme court, that an interplea may be termed an action of replevin grafted on the attachment law. In all such cases the question here has been ruled upon adversely to interpleader's contention. *Springer v. Kleinsorge*, 83 Mo. 152, 156 ; *Greenway v. James*, 34 Mo. 326. The cases of *Reed v. Bott*, 100 Mo. 62, and *Smith v. Sims*, 77 Mo. 269, cited by interpleader, are cases in equity. At law, the rule in this state is different. *Edgell v. Sigerson*, 20 Mo. 494 ; *Fox v. Webster*, 46 Mo. 181.

We do not see anything of merit in the other points made in support of the motion, and it is, therefore, overruled.