JOHN R. HARDWICK, Appellant, v. GABE W. Cox et al., Respondents.

## Kansas City Court of Appeals, June 13, 1892.

1. **Evidence:** PLEADING GENERAL DENIAL. Where a cause of action which once existed has been determined by some matter which subsequently transpired, such new matter must, to comply with the statute, be specially pleaded, but where the cause of action alleged never existed the appropriate defense under the law is a general denial, and such facts as tend to prove or to disprove the controverted allegations are pertinent; and so, in an action for the wrongful taking and conversion of a stock of goods, evidence is admissible under a general denial to show that the mortgage under which plaintiff claimed was fraudulent and void as to the mortgagor's creditors.

2. **Practice, Appellate:** EVIDENCE: PLEADING: WAIVER. Where evidence is admitted without objection that there is no allegation in the pleading authorizing its admission, such defect in pleading is thereby waived, and the objection is not available in the appellate court.

3. **Practice, Trial:** DEMURRER TO EVIDENCE: APPELLANT'S INSTRUCTION. The evidence of fraud in this case is sufficient to go to the jury, especially since appellant's instruction submitted that issue to the jury.

Hardwick v. Cox.

4. **Practice, Appellate**: COMMON ERROR: INSTRUCTIONS. Where error is not only invited but is common to the instructions on both sides, appellant has no right to complain.

5. **Fraudulent Conveyances**: INTENT: PURCHASER'S PARTICIPATION. In order to bring an assignment by a debtor within the statute of fraudulent conveyances on the ground of an intent to hinder or delay creditors, there must be such an intent actually entertained by the debtor, and the circumstances attending the conveyance must satisfy the jury of that intent, before they can find against it; and the fact that it may have the effect to hinder and delay creditors is not sufficient; and, then, when such intent is participated in by the purchaser, the case is complete.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Hicklin & Yates* and *J. F. Harwood,* for appellant.

(1) The plaintiff was in possession under his mortgage. The defendants attempted to destroy his title. To do this they should be required to clearly set forth in their answer the reasons why his mortgage and possession were not valid. A fraudulent conveyance cannot be proved under a general denial. *Claflin v. Summers,* 39 Mo. App. 419; *Cummiskey v. Williams,* 20 Mo. App. 606; *Moore v. Ives,* 83 Mo. 32–3; *Very v. Levy,* 13 How. (U. S.) 345. (2) There is nothing in the answer to show that the C. D. Smith Drug Company was a creditor of George Hardwick, or had any right to question his mortgage to his brother. *Moore v. Ives,* 83 Mo. 32–3; *Mfg. Co. v. Wiggin,* 14 N. H. 441; s. c., 40 Am. Dec. 198. (3) The general denial amounted to nothing more than a denial of the taking of the goods, and their value. *Mfg. Co. v. Wiggin,* 14 N. H. 441; s. c., 40 Am. Dec. 198. (4) But there is not a particle of evidence in this case that anyone connected with the transaction was guilty of any fraud.

The goods turned over were not of greater value than the two notes secured by the mortgage, and in fact at the sheriff's sale the goods did not bring half enough to pay the two notes. But under the mortgage nothing was to be covered up or concealed, (5) The first instruction is bad because there is no guide given the jury as to what is meant by the words "participated therein." *Singer v. Goldenburg,* 17 Mo. App. 566; *Lane v. Ewing,* 31 Mo. 75. (6) The seventh instruction declares in substance that while William P. Hardwick may be an honest, upright man, and have a just and honest debt against his brother George, and not have contemplated or done any wrong toward anyone, yet if George and John have done what they had a right to do, make and receive a preference, which in its very nature would hinder and delay other creditors, then William is bound, and his security must be confiscated. Under such a rule no one would dare to take a mortgage himself, much less through his agent.

*Alexander & Richardson* and *Gillihan & Brosius,* for respondents.

(1) The testimony complained of was admissible under the issue made by the pleadings, and the court did not err in admitting it. R. S. 1889, sec. 2049; *Gibson v. Mozier,* 9 Mo. 254; *Greenway v. James,* 34 Mo. 326; *Bank v. Lime Co.,* 43 Mo. App. 561, and cases cited; *Young v. Glasscock,* 79 Mo. 575, and cases cited; *Auction & Com. Co. v. Mason,* 16 Mo. App. 473; *Tyler v. Larimore,* 19 Mo. App. 446; *Bosse v. Thomas,* 3 Mo. App. 472; *Higgins v. Cartright,* 25 Mo. App. 609, 610; 1 McQuillin's Pleading & Practice, sec. 376, and cases cited; *Shulenburg v. Harriman,* 2 Wall. 58, 59; *Caldwell v. Bruggeman,* 4 Minn. 276; *Mather v. Hutchinson,* 25 Wis. 27–36; *Wheeler v. Billings,* 38 N. Y. 264; *Wood-*

*worth v. Knowlton,* 22 Cal. 164. (2) The issue was one of fraud and any fact or circumstance tending to prove it was admissible. The weight of the evidence was for the jury to determine. *Hopkins v. Williams,* 58 Mo. 201; *Burgert v. Borchert,* 59 Mo. 80; *Renney v. Williams,* 89 Mo. 139; *Massey v. Young,* 73 Mo. 260; *Frederick v. Allgaier,* 88 Mo. 598. (3) Generally, a sale of property with the intent on the part of the seller to thereby hinder, delay or defraud his creditors, and knowledge of such intent on the part of the purchaser, renders the sale void, though the purchaser pay a valuable consideration for the property, because the purchase under the circumstances amounts to participation in the fraud. But a debtor, unable to pay all his creditors, may pay one or more to the exclusion of others, either in money or the transfer of property, and the favored creditor or creditors may accept such preference; and if the preferred creditors act in good faith, and take such money or property for the sole purpose of paying a *bona fide* debt, mere knowledge that the debtor intended to hinder, delay or defraud his other creditors does not render the transaction void as against the creditor taking the preference; for simple knowledge under such circumstances does not amount to participation in said intended fraud. *Sexton v. Anderson,* 95 Mo. 373; *Shelly v. Booth,* 73 Mo. 74; *Albert v. Bissell,* 88 Mo. 150; *Frederick v. Allgaier,* 88 Mo. 601; *Dougherty v. Cooper,* 77 Mo. 529. But if the preferred creditor acts from a desire to aid the debtor in defeating his other creditors, or in covering up his property, the conveyance is fraudulent and void. *Shelly v. Booth, supra; Homes v. Braidwood,* 82 Mo. 610; *Morgan v. Wood,* 38 Mo. App. 255; *Meyberg v. Jacobs,* 40 Mo. App. 128; *Myers v. Hale,* 17 Mo. App. 204; *Parker v. Rhodes,* 79 Mo. 88; *Nasse v. Algermissen,* 25 Mo. App. 185.

SMITH, P. J.—This was an action of trespass brought by the plaintiff against the defendants, for the wrongful taking and conversion to their own use of a stock of goods. The answer was a general denial. There was a trial which resulted in judgment for defendants, to reverse which the plaintiff has appealed.

I.   The first ground of the plaintiff's appeal is that the trial court erred in permitting the defendants, under the general denial contained in their answer, to introduce evidence, the tendency of which was to prove that the mortgage under which the plaintiff claimed title to the goods in question was fraudulent, or, in other words, the plaintiff affirms the proposition that evidence proving a conveyance to be fraudulent is inadmissible under a general denial.

The rule is now well settled in this state that, where a cause of action which *once existed* has been determined by some matter which subsequently transpired, such new matter must, to comply with the statute, be specially pleaded; but where the cause of action alleged *never existed* the appropriate defense under the law is a denial of the material allegations of the petition; and such facts as tend to disprove the controverted allegations are pertinent to the issue. *Greenway v. James,* 34 Mo. 326; *Northup v. Ins. Co.,* 47 Mo. 435; *Hudson v. Railroad,* 101 Mo. 13; *Kersey v. Garton,* 77 Mo. 645; *First Nat. Bank v. Lime Co.,* 43 Mo. App. 561; *Thomas v. Ramsey,* 47 Mo. App. 84; *White v. Middlesworth,* 42 Mo. App. 368. In the opinion in the last-cited case will be found a collation of nearly all the cases having a bearing on the question under consideration.

The plaintiff in this case introduced in evidence a mortgage through which he derived his title. The defendants, under their general denial, were permitted to adduce evidence to prove that the mortgage was

fraudulent and void as against the creditors of the mortgagor. This evidence was offered to show that the plaintiff's alleged cause of action *never existed*, and, according to the authorities just cited, it was admissible for that purpose under the general denial.

II. The plaintiff further contends that there is no allegation in the answer showing that the defendant, the Smith Drug Company, was a creditor of the mortgagor, George Hardwick, and, therefore, it had no right to question the title of plaintiff to the goods. The evidence tending to prove that the defendant, the drug company, was a creditor of the mortgagor was introduced without objection on any ground. The question of pleading was waived by the failure to object to this evidence. The point of objection is not now available to the plaintiff. *McDonald v. Cash & Hainds*, 45 Mo. App. 66.

III. The plaintiff's further contention is, that there is no evidence in the record showing any fraud. It does not appear that the abstract sets forth all the evidence *in hæc verba*. But, whether this is so, or not, there is, to say the least of it, quite enough of evidence whose tendency was in that direction to justify the submission of that issue to the jury.

Indeed, the instructions of the plaintiff submitted that issue of fact to the jury. There was some evidence upon which to base such instructions.

IV. The plaintiff further contends that the first instruction given for the defendants was improper because there was no definition of the words, "participated therein," as employed in said instruction. This objection is answered by the fact that a like expression is to be found in the plaintiff's tenth instruction. If this was error it was not only invited by the action of the plaintiff, but was common to the instructions on both

sides of the case. The plaintiff has, therefore, no right to make any complaint on that account.

The plaintiff's further insistance is that this instruction, which informed the jury that if George Hardwick conveyed the stock of goods to John Hardwick, with the intention of hindering or delaying his creditors in the collection of their demands against him, and that John Hardwick knew such intention and participated therein at the time of the execution of the conveyance, then the transaction was fraudulent as to the creditors of the former, is erroneous for the reason that John Hardwick had the right to take a preference, though he knew his getting it would hinder and delay other creditors in collecting their debts. The rule of construction which has prevailed in this state for many years is, that, in order to bring an assignment by a debtor within the statute of fraudulent conveyances on the ground of an intent to hinder and delay creditors, there must be an intent to hinder and delay actually entertained by the debtor. The intent is to be ascertained from all the circumstances under which the conveyance is made. The jury must be satisfied from all the evidence before them of the existence of this particular intent; that is, the intent to hinder or delay, before they can find against the conveyance. The fact, that a conveyance may have the effect to hinder or delay the creditors, is not sufficient to avoid it. The debtor must, as has already been stated, have entertained a design to hinder or delay his creditors, and that must be effectuated by making the conveyance. *Murray v. Cason*, 15 Mo. 379; *Gates v. Labaume*, 19 Mo. 17; *Dougherty v. Cooper*, 77 Mo. 528; *Shelly v. Booth*, 73 Mo. 74. If the intent to hinder and delay is participated in by the purchaser, then the case is complete. *Meyburg v. Jacobs*, 40 Mo. App. 128; *Morgan v. Wood*, 38 Mo. App. 255; *Holmes v. Braidwood*, 82 Mo. 610.

There were eighteen instructions given, ten for plaintiff and eight for defendants, by which every issue in the case was most fully and fairly submitted to the determination of the jury. These instructions are unusually clear and comprehensive in their enunciation. No tenable ground of objection has been suggested to any of them.

We have examined each one of the errors assigned, and find that none of them can be sustained, so the judgment must be affirmed. All concur.