H. T. SIMON GREGORY & COMPANY, Appellants, v. SIMCOX & STAINS, Defendants; STOVER SIMCOX, Interpleader, Respondent.

Kansas City Court of Appeals, May 2, 1898.

1. **Fraudulent Conveyances**: PURCHASE: SURPLUS AFTER PAYING PURCHASER'S DEBT. A creditor of an insolvent firm may in good faith purchase their assets to the amount actually due him, but the giving of a note payable two years after date for surplus in excess of such debt operates to hinder and delay other creditors and vitiates the transaction.

2. **Pleading**: GENERAL DENIAL: FRAUD: EVIDENCE. Where the answer to an interplea is a general denial with special fraudulent acts added the plaintiff will not be confined to the specified acts of fraud but may under the general denial introduce evidence relating to other frauds connected with the transaction.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

CRAWLEY & SON for appellants.

(1) This case was decided by the trial court upon the theory that it makes no difference whether or not the $1,100, note was part of the price paid by Stover Simcox for the stock of goods. The giving of said note, under the circumstances, necessarily operated to withdraw $1,100 of firm assets beyond the reach of the other creditors of said firm, for at least two years, thereby hindering and delaying such other creditors in the enforcement of their demands. It is clear, therefore,

that interpleader's first declaration of law should have been refused, because it ignores the foregoing proposition, and the plaintiffs' sixth declaration should have been given. The doctrine for which we contend is too well settled to justify discussion. McVeagh v. Baxter, 82 Mo. 518; Seger v. Thomas, 107 Mo. 635; Moore v. Carr, 65 Mo. App. loc. cit. 72.

MULLINS & BENECKE and J. M. DAVIS & SONS for respondent and interpleader.

(1)   A party will not be permitted by his evidence to contradict his pleadings. Sibert v. Allen, 61 Mo. 482, and cases following.   (2)   Whatever is essential to be proved must be alleged in the answer. McConey v. Wallace, 22 Mo. App. 377; Sticks v. Mathews, 96 Mo. 75. The fraud attempted to be raised by the refused instruction is not in the answer to the interplea and was not sufficiently pleaded, and no specific facts were set out constituting that fraud. (3)   Admitting the fraud was properly pleaded, there was no affirmative testimony offered in the case to show the fraud charged.   Martin v. Estes, 132 Mo. 402.

SMITH, P. J.—The facts of this case briefly outlined are, that Stover Simcox, the interpleader, the owner of a stock of goods, sold a one third interest therein to defendant Frank Simcox, his son, and a short time thereafter sold the remaining two thirds to his said son and the other defendant Stains. Simcox & Stains, the defendants, gave their notes for the agreed price of the interpleader's two thirds interest in the store. They were both young men without means. The son's wife had $1,000 which he paid to his father as a part of the purchase price of the one third interest purchased by him in the store. The defendants as a firm continued in

business some six months, and during that time made purchases of various wholesale merchants, amongst whom were the plaintiff, on time, and in consequence of which they became further involved and embarrassed.

At this juncture the interpleader, who was postmaster, with his office in the defendants' store, proposed to the latter to buy them out, which proposition was accepted by them; and thereupon the defendants executed to interpleader a bill of sale for their entire stock. The consideration recited in this instrument was $4,550.20. A few days after the interpleader took possession of the stock of goods so purchased of defendants, the plaintiffs brought this action, causing a part of said stock to be seized under the writ therein issued. The ground of the attachment was that defendants had fraudulently disposed of their property so as to hinder and delay their creditors.

Stover Simcox filed an interplea in the attachment suit alleging that the attached property belonged to him and that the same was in his actual and exclusive possession when taken by the sheriff, and that defendants nor neither of them then had any right, title or interest therein. The plaintiffs filed an answer to the interplea denying generally the allegations thereof, and also alleging specific acts of fraud. There was a trial on the issues made by the interplea and answer thereto, by the court without the aid of a jury which resulted in a finding and judgment for interpleader. Plaintiffs appealed.

It appears from the testimony of the interpleader, who was called as witness for plaintiffs, that the agreed price of the store was $4,500, and that in payment thereof he gave the defendants back their notes amounting to $3,349.33, and assumed the payment of certain debts of the defendants aggregating $1,200.38.

Vol. 75 app—10

He further testified that the value of the stock at the date of his purchase was about $4,827.64. He further testified that a few days after his purchase he gave defendant Frank Simcox a note for $1,100, to satisfy the latter's wife, but that it was no part of the transaction between interpleader and defendants.

In answer to a question whether or not, at the trial of a certain case, he had not testified that the said $1,100 note was given to his son Frank as part of the consideration for the transfer of the stock of goods from defendants, he answered that he did not so testify. The plaintiffs read, without objection, from the notes of the evidence taken by the official stenographer of the court wherein the case referred to was tried, by which it appeared that the interpleader then testified that as a part of the consideration for the purchase of the goods he gave his son Frank his negotiable promissory note for $1,100, due two years after date. The interpleader was then recalled by his counsel and asked this question, viz: "Now, Mr. Simcox, I noticed when the stenographer read the evidence there was some evident breaks in the record. There is no explanation of how you came to give your note for your son's wife. The explanation you gave on this trial is the correct explanation?" And to which he answered: "No, sir." By this answer we understand the interpleader in effect as having said that it was untrue as testified by him in his examination in chief that the note was no part of the consideration for the transfer of the goods, but that the testimony given by him in another case, as read from the notes of the court stenographer, which was, in substance, that the note was part of the consideration for the transfer, and so forth, was true. The interpleader and his son both testified that since a former trial of this case the note had been destroyed by their wives. The uncontradicted

evidence shows that the defendants, at the time of the sale to the interpleader, were insolvent, and that this fact was known to the latter.

The plaintiffs requested, and the court refused an instruction which declared that "if the court find from the evidence that the firm of Simcox & Stains on the 23rd day of February, 1892, were in failing circumstances, and at that date they were indebted to Stover Simcox, and that they sold and transferred their entire stock of goods to said Stover Simcox, and that in part payment for said stock of goods, said Stover Simcox executed to Frank Simcox a negotiable promissory note for eleven hundred dollars, which note was not to become due for two years from the date thereof then such sale is void as to the other creditors of Simcox & Stains, and your finding must be for the plaintiffs." It is in effect conceded that this instruction asserts a correct proposition of law, but if the concession be not made, in view of the authorities, it might as well be. Seger v. Thomas, 107 Mo. 635; McVeagh v. Baxter, 82 Mo. 518; Moore v. Carr, 65 Mo. App. 72.

FRAUDULENT conveyances: purchase: surplus after paving purchaser: debt.

After an examination of the entire evidence we are unable to resist the conclusion that the $1,100 note was given as a part of the consideration for the transfer of the goods. The reasonable and fair inference to be drawn from the various facts disclosed by the evidence is that the parties to the transaction of the sale and purchase of the goods had a notion that Frank Simcox, the son of interpleader, ought to have returned to him out of the partnership assets the $1,000 that he had previously paid the interpleader on account of the purchase of the one third interest in the store, and that accordingly the giving of the note was made to enter into the consideration for the transfer.

The interpleader had the undoubted right to take firm assets equal to the amount actually due him on the notes of the defendants, provided he acted with good faith and with no fraudulent design.   There was a conceded surplus of from $1,200 to $2,200 above what was necessary to discharge the notes of the defendants to the interpleader.   This surplus the creditors of the firm had the right to have applied to the payment of their debts.   The interpleader took the entire assets of the firm, giving his negotiable note to his son, payable two years after date, for a part of such surplus, equal to the amount of such note.   The sale of the surplus on credit delayed the creditors for at least two years and put it in the power of the individual member of the firm receiving the note, to dispose of such note to an innocent purchaser and thus effectually deprive the creditors of this amount of the surplus absolutely.   The natural and probable effect of the transaction, under the circumstances, was to hinder and delay creditors of their lawful actions, and the parties thereto must be held to have intended that as the natural and probable result of their voluntary act.   The instruction for these reasons was, as we think, a correct expression of the law applicable to the facts which the evidence conduced to establish.

But it is objected that as the answer of the plaintiffs makes no allusion to the fraud in respect to giving the $1,100 as part of the consideration for the transfer of the store, that therefore the court was not authorized by the pleadings to consider the case on the hypotheses of the plaintiffs' said refused instruction.   It is sufficient answer to this to say that even if there is no allegation in the answer of this special fraud, still the evidence thereof was admissible under the general denial of the answer.   This is well settled in this state.   Greenway

PLEADING: general denial: fraud: evidence.

v. James, 34 Mo. 328; Young v. Glascock, 79 Mo. 574; Bank v. Lime Co., 43 Mo. App. 561; Hellman v. Pollock, 47 Mo. App. 209; Hardwick v. Cox, 50 Mo. App. 509; Scudders v. Atwood, 55 Mo. App. 521. The evidence to establish such unspecified fraud was admitted without objection and no good reason is seen why the plaintiffs were not entitled to have considered the legal effect of the same on the transaction of the transfer. Hill v. Drug Co., 140 Mo. 433.

The interpleader's instructions would, we think, be well enough if the qualification contained in the plaintiffs' sixth, already hereinbefore quoted, was added thereto by way of a proviso. Under the evidence we think the plaintiffs were entitled to a consideration of the case by the court on the theory of their refused instruction. We should reverse the present judgment and direct a judgment for plaintiffs were it not that we are not entirely satisfied with the interpretation placed by us on the interpleader's answer to the question propounded to him by his counsel heretofore referred to. The interpleader may not have fully comprehended the scope and meaning of the question put to him by his counsel owing to its very involved nature. It may have been, too, that a bewildered condition of his mind occasioned by the circumstances of his recall to the witness stand may have been a contributing cause to his inability to understand the question he was requested to answer. As we have doubts as to whether he fully understood the question and whether, if he had, he would have answered it as he did, we shall reverse the judgment and remand the cause to the end that there may be another trial when he may have an opportunity to again testify in the case. All concur.