ELY & WALKER DRY GOODS COMPANY, Appellants, v.
McLAUGHLIN, DYER & COMPANY, Defendants;
MANSUR & ELLIS, Interpleaders,
Respondents.

St. Louis Court of Appeals, February 7, 1899.

1. **Practice, Trial:** INSTRUCTION: COMMENT ON TESTIMONY OF ABSENT
WITNESS. The object of the statute is to give the evidence of the ab-
sent witness as set out in the application for a continuance, the same
weight, the same credit and the same probative force as his deposi-
tion would have had it been taken in the regular statutory method,
and it should no more be made the special subject of animadversion
by the court orally or by way of instruction, than the evidence of
any other unimpeached witness.

2. **Bill of Sale:** SECRET TRUST: LEGAL RESULTS. If there was a secret
agreement by which the defendants should derive an ultimate benefit
out of the property, either to themselves individually, or in payment
of other of their debts, then the sale, absolute to all appearances, was
tainted with a secret trust and was void.

*Appeal from the Howell Circuit Court.*—HON. W. N.
EVANS, Judge.

REVERSED AND REMANDED.

G. M. SEBREE and W. J. ORR for appellant.

A bill of sale or any conveyance absolute on its face but
made with the agreement that the property conveyed thereby
shall be security for a debt, is a secret trust and is void as to
attaching creditors of the grantor. Pattison v. Litton, 56
Mo. App. 325; Molaska Mfg. Co. v. Steele & Walker,
36 Mo. App. 496. If a vendee holds himself out to the world
as absolute owner and at the same time is under an agreement

embodying a secret trust, the purity of his intentions can not alter the legal results following such conditions and the conveyance is void as to attaching creditors. Bank v. Lime Co., 43 Mo. App. 561; Beeler v. Crane, 135 Ill. 27; Chenery v. Palmer, 6 Cal. 119. Such bill of sale is void if accompanied by an agreement by which the grantor shall derive an ultimate benefit out of the property conveyed. Connelly v. Walker, 45 Pa. St. 449; Bank v. Powers, 134 Mo. 432; Martin v. Estes, 132 Mo. 402; Roberts v. Barnes, 127 Mo. 405. Instructions number 2 and number 3, asked by the plaintiff, should have been given. There is positive evidence that if anything remained after paying the indebtedness of Mansur & Ellis, it was to go to the creditors of McLaughlin, Dyer & Company. Defendants had no right to delegate to interpleader authority to discriminate among their creditors. McDonald & Co. v. Hoover, 142 Mo. 484, at p. 495. The court erred in giving instruction number 5, asked by interpleaders, to the effect that they admitted if the witness, Dyer, was present he would testify as set out in his affidavit, but did not admit that such testimony was true. This was a comment on the evidence, such as to constitute reversible error and has been expressly so held. Elsner v. Supreme Lodge, 98 Mo. 640; Woodwin v. Bick, 39 Mo. App. 501.

F. M. MANSFIELD, A. H. LIVINGSTON and C. F. EVANS for respondent.

The court did not err in giving instruction number 1 of its own motion; neither did the court err in giving instructions numbered 1, 3 and 4 at the request of the interpleaders. These instructions announce correct rules of law, applicable to the evidence in this case. Sexton v. Anderson, 95 Mo. 373; Maples v. Burns, 72 Mo. App. 411; Stokes v. Burns, 132 Mo. 214; Shelly v. Booth, 73 Mo. 74. Instructions numbered 2 and 3, asked by plaintiff, do not state

a correct proposition of law, and were properly refused. They do not require the jury to find that the firm of Mc-Laughlin, Dyer & Co. was insolvent, or in failing circumstances. Griffith v. Cox, 79 Ky. 562; Sexton v. Anderson, 95 Mo. 373, at p. 380.  *  *  *  If the surplus was to be applied upon other honest indebtedness of the defendants, such agreement would not vitiate the transaction. Bump. on Fr. Conv., p. 237; St. Louis Coffin Co. v. Ruhelm, 15 Mo. App. 280, at p. 287. Neither would such agreement confer upon interpleaders the power to discriminate among other creditors in the distribution of the excess. There is no pretense that the indebtedness of Mansur & Ellis was to be made the means of placing the surplus or other property of the defendants beyond the reach of other creditors. The case of McDonald v. Hoover, 142 Mo. 484, which is relied on by appellants, is so unlike this case that it can not be considered an authority in this present case. If it be conceded that instruction numbered 5 is erroneous, yet the jury having returned the only verdict that they could have found consistent with the evidence, the judgment should be affirmed. Fitzgerald v. Baker, 96 Mo. 661; Bushey v. Glenn, 107 Mo. 331; Macfarland v. Heim, 127 Mo. 327; Green v. Lafayette Co. Bank, 128 Mo. 560, at p. 575. The instruction condemned in the case of Elsner v. The Supreme Lodge of Knights and Ladies of Honor, 98 Mo. 640, cited by plaintiff, differs very widely and materially from instruction numbered 5 in the present case. The case of Woodwine v. Beck, 39 Mo. 501, does not support the contention of appellant; on the contrary, is an authority against him.  *  *  *  In view of the conclusive character of the evidence that the sale was absolute and unconditional, we can not see how the jury could have been misled by the giving of instruction complained of, or how the plaintiff could have been prejudiced thereby, and the error, if any, being harmless, and the verdict for the right

party and the only one on the evidence they could have properly returned, the verdict for this reason should not be disturbed.    Alto v. Bent, 48 Mo. 23; Keen v. Schnedler, 92 Mo. 516.

BLAND, P. J.—Plaintiff commenced its suit in the Wright county circuit court by attachment.    By direction of the plaintiff the sheriff attached a stock of merchandise found in the possession of Mansur & Ellis, in the town of Mountain Grove, in said county, who appeared in the Wright circuit court and interpleaded for the goods, alleging that they were the sole and absolute owners thereof.    The interplea was put in issue by a general denial filed by plaintiff.    On the petition of plaintiff the venue was changed to the Howell circuit court.    At the January, 1898, term of the Howell circuit court, when the case was called for trial, plaintiff filed an application asking for a continuance of the cause on account of the absence of C. M. Dyer, a material witness for plaintiff, whose evidence was set out in full in the application by incorporating in it the affidavit of Dyer touching his knowledge of the transaction about which his testimony was relevant and material, to avoid a continuance, the interpleaders admitted that if Dyer was present he would testify as set forth in the application and consented that his testimony as therein stated might be read to the jury as and for his testimony.    On this admission plaintiff went to trial.    The issues were submitted to a jury, who after hearing the evidence and instruction of the court, returned a verdict for the interpleaders.    After an unsuccessful motion for a new trial plaintiff appealed.

The evidence disclosed the following state of facts: In September, 1896, interpleaders as partners were the owners of a general stock of merchandise at Mountain Grove, which they sold to defendants McLaughlin & Dyer for about $4,000.    On this purchase McLaughlin & Dyer paid cash

eighty odd dollars, and gave their note for $3,735, agreeing to pay $83 on November 18, 1896, and a like sum every seven days thereafter until the principal and interest of the note should be paid. About January 15, 1897, W. A. Odell became a member of the firm by buying one third interest, for which he gave his two promissory notes of $750 each, due in six and twelve months, and secured by a deed of trust on his two hundred and thirty-eight acre farm, worth from $2,000 to $2,500, but encumbranced by a prior $500 mort-gage. Mansur & Ellis took these notes and deed of trust from McLaughlin & Dyer, agreeing to credit their note with the amount of the first of the Odell notes, and if that should be paid at maturity to give credit also for the amount of the second note; neither of the Odell notes have been paid. On July 14, 1897, McLaughlin and Dyer and Odell made and delivered to Mansur & Ellis an absolute bill of sale of the goods and merchandise belonging to the firm of McLaughlin, Dyer & Company, for the expressed consideration of $2,300, and immediately put them in possession. At the time of the execution of the bill of sale, there was due on the note of McLaughlin & Dyer to Mansur & Ellis, $2,297.94 without the credit of either of the Odell notes; by giving credit to the first of the Odell notes the balance would have been $1,597.94, according to the testimony of Mr. Chase, a banker, who at the time of the sale had all of the notes in his possession, and with whom they had been deposited by Mansur & Ellis as collateral security. The McLaughlin & Dyer note was given up, but not the Odell notes. The question in this case was whether the bill of sale given by McLaughlin, Dyer & Company to Mansur & Ellis was an absolute sale in payment of the note to McLaughlin & Dyer, or whether it was made to secure the payment of that note, and with a verbal agreement that whatever remained over after the payment of the note should be paid over to McLaughlin, Dyer & Company, or applied by Mansur &

Ellis in the payments of the debts of the firm of McLaughlin, Dyer & Company. There was evidence both ways on this issue, the preponderance of which, according to the abstracts of the evidence and conduct of Mansur & Ellis in holding on to both the goods and the Odell notes, is against the theory of an absolute sale. The court over the objection of appellant, gave the following instructions for the interpleaders, which we think were erroneous:

"No. III. The court instructs the jury that fraud is never presumed in any case but must be proven by the party asserting it, and if the facts shown in this case are consistent with an honest purpose on the part of the interpleaders to *secure* the payment of an honest debt then you will return a verdict for the interpleaders, although you may believe that McLaughlin, Dyer & Co. intended to, and did by such a sale, hinder and delay their other creditors in the collection of their debt," and "No. V. The court instructs the jury that interpleaders admit that Dyer, if present, would testify as set out in his affidavit and read in evidence, but do not admit that such testimony is true."

Number 3 is erroneous for the reason that it was misleading to tell the jury that an honest purpose to *secure* the payment of an honest debt, was sufficient to validate interpleaders' claim to the goods; from the language used the jury were authorized to find for interpleaders, even though they might find the purpose of the bill of sale was to *secure* an honest debt, and not to pass absolute and unconditional title to the goods in payment of that debt. The fifth instruction is in the nature of a comment on Dyer's (the absent witness) testimony; it points him out as effectually as if he had been named in the instruction. This special designation of Dyer's evidence was tantamount to telling the jury to be wary of his testimony in view of the means used to get it before them.

The object of the statute is to give the evidence of the

absent witness as set out in the application for a continuance, the same weight, the same credit, and the same probative force as his deposition would have, had it been taken in the regular statutory method, and it should no more be made a special subject of animadversion by the court orally or by way of instruction, than the evidence of any other unimpeached witness. Elsner v. Lodge, 98 Mo. 640; Woolwine v. Bick, 39 Mo. App. 501.

The court refused the following instructions asked by appellant:

"II.   If you find and believe from the evidence that Mansur and Ellis took the goods with an agreement that they would sell the same, and if any surplus remained after paying the debt due to Mansur and Ellis the surplus was to be paid to the creditors of McLaughlin, Dyer & Co., then the bill of sale read in evidence is fraudulent in law and interpleaders are not entitled to recover."

"III.   The court instructs the jury that if you find and believe from the evidence the transfer of the stock of merchandise by the firm of McLaughlin, Dyer & Co., to Mansur & Ellis was for the purpose of securing an indebtedness due from McLaughlin, Dyer & Co. to said Mansur & Ellis, then the bill of sale read in evidence is fraudulent and void in law and you will find for the plaintiff, Ely & Walker Dry Goods Co., although you may find and believe that McLaughlin, Dyer & Co. was justly indebted to Mansur & Ellis and such transfer was made in good faith to secure such indebtedness."

There was some evidence tending to prove that Mansur & Ellis agreed to pay any surplus that might be in their hands after paying their debt to the creditors of McLaughlin, Dyer & Company, and these instructions should have been given.   A secret trust for the benefit of the grantor, whether express upon the face of the conveyance creating the trust, or shown by proof *aliunde*, is void as to creditors, and while a debtor has the right to prefer one creditor above another and

thus discriminate in favor of one and against other of his creditors, he can not delegate this privilege to a third party; and where he makes a conveyance conveying this delegation to his grantee, or where it is proved *aliunde* the conveyance will be declared void as to creditors. McDonald v. Hoover, 142 Mo. 484. If there was a secret agreement by which McLaughlin, Dyer & Co. should derive an ultimate benefit out of the property, either to themselves individually, or in payment of other of their debts, then the sale absolute to all appearances, was tainted with a secret trust, and was void, and the jury should have been so instructed in plain and unequivocal terms. Roberts v. Barnes, 127 Mo. 405; Martin v. Estes, 132 Mo. 402; Bank v. Powers, 134 Mo. 432; Bank v. Lime Company, 43 Mo. App. 561.

For error in giving erroneous instructions and in refusing correct and proper ones, the judgment is reversed and the cause remanded. All concur.