THE STATE v. THOMPSON, Appellant.

149  439
87a 515

Division Two, May 9, 1899.

Appeals: BILL OF EXCEPTION: OUT OF TIME. Where the record on appeal shows that the bill of exceptions was not filed within the time allowed by the court, and it appears also not to be signed by the judge, it will be disregarded.

*Appeal from Phelps Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

J. J. CRITES for appellant.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

The instrument sent to the clerk of this court and filed by the clerk as the bill of exceptions in the case does not

disclose when it was filed in the office of the clerk of the court below, nor does it appear to have ever been signed by the judge. This court has universally held that bills of exceptions must be filed within the time allowed by the trial court and must be signed by the judge of such court, else the same will not be considered.

SHERWOOD, J.—Defendant was convicted of a felonious assault on Jeff Petty, by shooting at him with a pistol and his punishment assessed at a fine of $100, and imprisonment in the county jail for three months.

On the twenty-first of September, 1897, an appeal was granted defendant, and he given ninety days in which to file his bill of exceptions.

On the fourteenth of December next thereafter, the court extended the time for filing to January 15, 1898. The record then has this entry: "And afterwards, to wit, on the ——— day of January, 1898, in vacation, the said defendant filed in said court, with the clerk thereof, his bill of exceptions in said cause, which said bill of exceptions had the following indorsement thereon: 'Filed on the ——— day of January, 1898.'"

From this entry it does not appear that the bill was filed within the time allowed by the order of the court. More than that, the supposed bill has not been signed by the judge and therefore can not be regarded. [Garth v. Caldwell, 72 Mo. 622, and cases cited.]

This being the case and there being no error in the record proper, judgment affirmed. All concur.